MOSHE ROTHMAN *vs.* JEWISH HOME FOR AGED OF WORCESTER COUNTY, INC. January 13, 1998. *Supreme Judicial Court,* Appeal from order of single justice.

Moshe Rothman (petitioner) purports to appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief by a single justice of this court. Rule 2:21 (2) requires that the record appendix, accompanied by a memorandum, must be filed in the office of the clerk of this court for the Commonwealth within fourteen days of the filing of the notice of appeal. The petitioner filed his notice of appeal on November 3, 1997, and filed his record appendix and memorandum on December 8, 1997. Hence, we dismiss the appeal. Moreover, if we were to give the appeal further consideration,[1] we note that we would affirm the judgment of the single justice because the petitioner has not met the requirement of rule 2:21 (2) that he "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Moshe Rothman*, pro se.

MOSHE ROTHMAN *vs.* UNIVERSITY OF MASSACHUSETTS MEDICAL CENTER. January 13, 1998. *Supreme Judicial Court,* Appeal from order of single justice.

Moshe Rothman (petitioner) purports to appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief by a single justice of this court. Rule 2:21 (2) requires that the record appendix, accompanied by a memorandum, must be filed in the office of the clerk of this court for the Commonwealth within fourteen days of the filing of the notice of appeal. The petitioner filed his notice of appeal on November 3, 1997, and filed his record appendix and memorandum on December 5, 1997. Hence, we dismiss the appeal. Moreover, if we were to give the appeal further consideration,[1] we note that we would affirm the judgment of the single justice because the petitioner has not met the requirement of rule 2:21 (2) that he "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal

---

[1]Assuming, without deciding, that the petitioner challenged an interlocutory ruling in the trial court before the single justice.

[1]Assuming, without deciding, that the petitioner challenged an interlocutory ruling in the trial court before the single justice.

from any final adverse judgment in the trial court or by other available means."

*Appeal dismissed.*